RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  6 / 9 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**MASONTAE HICKMAN**  DOCKET NO. 11-CV-619; SEC. P
**#09995-078**

**VERSUS**  JUDGE DEE D. DRELL

**WILLIAM A. SHERROD**  MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

*Pro se* Petitioner, Masontae Hickman, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner challenges his "illegal detention."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts and Background*

Petitioner states that, following indictment by grand jury and subsequent jury trial, he was convicted of seven counts of robbery in violation of 18 U.S.C. §1951 ("The Hobbs Act") and seven counts of importation of a firearm in violation of 18 U.S.C. 924(c). On February 14, 1997, Petitioner was sentenced to 3,180 months of imprisonment. [See U.S. v. Hickman, 1:96-cr-0054] His conviction was ultimately affirmed on appeal.

Petitioner filed the instant application for federal writ of habeas corpus under 28 U.S.C. §2241. He specifically states that

"because petitioner **'is not'** attacking a conviction or sentence, §2241 is the proper vehicle to test an **'illegal detention'**." [Doc. #1, p.9, emphasis in original] He claims that his petition is based on the loss of liberty resulting from actions taken in violation of Article III §2 of the United States Constitution. Specifically, Petitioner claims that the government lacked standing and/or the court lacked jurisdiction to convict him because (1) no complaining party ever filed a complaint against him in case number 4:99-221, and (2) the indictment merely alleges violations of federal law - it does not identify an injury. He claims that absent an injury and complaint, there is no standing and no Article III case or controversy. [Doc. #1, p.10]

### Law and Analysis

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge **the manner in which a sentence is executed**. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the **legality of their convictions or sentences**. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990).

In this Section 2241 application, Petitioner claims the court was without jurisdiction to convict or sentence him. First, federal prisoners may use §2241 to challenge the legality of their convictions or sentences only if they satisfy the §2255 "savings

2

clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the §2255 remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. §2255.

Petitioner herein is clearly attacking the legality of his **judgment** of conviction. He states that the district court lacked constitutional authority to enter any **judgments** against him. [Doc. #1, p.9] This claim should have been raised in a §2255 petition, which specifically provides for claims that "the court was without jurisdiction to impose [the challenged] sentence." Consequently, jurisdictional claims "may be adequately and effectively tested" through §2255. See <u>Williams v. United States</u>, 283 F.2d 59, 60 (10th Cir. 1960); <u>Thor v. United States</u>, 554 F.2d 759, 762 (5th Cir. 1977)(Jurisdictional defects are always subject to attack under section 2255.).

A petition filed under §2241 "is not ... a substitute for a motion under §2255." See <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir. 2001). Petitioner has not alleged that the remedy under Section 2255 is inadequate or ineffective in this case. It is clear that if a petitioner who has filed a §2241 petition fails to show §2255 to be inadequate or ineffective, then the Court lacks jurisdiction to consider the §2241 petition, and it should be dismissed. See <u>Christopher v. Miles</u>, 342 F.3d 378, 379 (5th Cir.
3

2003).[1]

## *Conclusion*

Accordingly, **IT IS RECOMMENDED** that application under §2241 be **DENIED** and **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by

---

[1] Moreover, Petitioner's argument that the government lacked standing to prosecute him and/or the court lacked jurisdiction to convict/sentence him is without merit. Other petitioners have made this argument and failed. Petitioner is referencing the case or controversy requirement for **civil litigants** to be able to have their civil claims litigated in federal court under Article III, sec. 2 of the United States Constitution. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). (1) As sovereign, the United States has standing to prosecute violations of valid federal criminal statutes in federal courts. See, e.g., United States v. Daniels, 48 Fed. Appx. 409, 418 (3rd Cir. 2002). (2) Pursuant to 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Because Petitioner was charged with a federal crime, the district court had subject matter jurisdiction over the prosecution of the crime.

the District Court, **except upon grounds of plain error**. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 9th day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE